UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MACHLAN,<br><br>    Plaintiff,<br><br>  v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>    Defendants. | 3:13-cv-00337-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>January 8, 2015 |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:         LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On September 19, 2014, plaintiff moved for additional time in which to file opposition to defendants' motion for summary judgment (#51). Therein, plaintiff explained that he sought additional time to make necessary arrangements to review certain exhibits. The court granted the motion on September 22 (#52). Then, on October 27, plaintiff sought a second extension (#53). Therein, he averred that he "is diligently attempting to complete" his opposition, but had been impeded in this goal by his transfer to SDCC. (#53 at 1).

Therefore, on October 29, 2014, the court again granted him additional time. In its minute order, the court provided, *inter alia*, that defendants "*shall ensure* that [certain exhibits related to their summary judgment motion] have been delivered to SDCC and have been made available for plaintiff's review on or before Friday, November 14, 2014." (#54) (emphasis added). The purpose of the order was to allow plaintiff adequate time to review the exhibits and timely oppose defendants' motion, and, thereby, allow the court to proceed on the cross-motions for summary judgment.

On November 6, defendants filed a notice of compliance, in which defendants indicated that they "mailed on November 6, 2014" the pertinent items "to the Warden's Office at Southern Desert Correction Center, with instructions to allow Plaintiff to review them." (#56 at 2). Yet on November 26, plaintiff filed a sanctions motion, in which he stated that "no compliance has

occurred" as of November 20. (#58 at 1). Accordingly, on December 1, the court ordered defendants to notify the court whether they had, as directed, provided plaintiff access to the materials.

Defendants filed a response on December 8 (#61). Therein, they indicated the materials had been delivered to SDCC, as ordered, with instructions to allow plaintiff's review upon his request. They further attested, supported by authenticated exhibits, that plaintiff had not once filed a kite to request review of these materials. (#61 at 3). The court takes judicial notice that this is not the first case plaintiff has litigated as an inmate; therefore, the court is confident that plaintiff knows that he must send a kite to facilitate his review certain litigation materials. Bolstering this conclusion is a September 8 letter to plaintiff from defendants' counsel, which stated that he could obtain exhibits by kiting the Warden. (#61-2 at 2).

As of January 7, plaintiff has not yet opposed defendants' summary judgment motion. He has not explained his continuing, on-going delay. The court observes, however, that in the time between defendant's November 6 notice and plaintiff's sanction motion, the files were available at SDCC. Rather than requesting review of the exhibits and completing his opposition, plaintiff spent his time preparing the sanctions motion.

The court orders as follows. First, plaintiff's sanction motion (#58) is **DENIED**. Plaintiff has failed to comply with the safe-harbor provision of Federal Rule 11. Accordingly, the motion for sanctions necessarily fails.

Second, plaintiff is advised that the court will now move forward in its consideration of the cross-motions for summary judgment. Plaintiff has enjoyed a sweeping period of time—three months, as of today—in which to oppose defendants' motion. The court will delay its consideration of the cross-motions no further. Plaintiff has waived his opportunity to oppose through his dilatory conduct.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:       /s/
      Deputy Clerk