UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MACHLAN,<br><br>    Plaintiff,<br><br> v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>    Defendants. | 3:13-cv-00337-MMD-VPC<br><br>**<u>MINUTES OF THE COURT</u>**<br><br><br>February 12, 2015 |

PRESENT: <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u> LISA MANN </u> REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING    </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING    </u>

**MINUTE ORDER IN CHAMBERS:**

  Before the court is defendants' motion to strike (#71) plaintiff's opposition (#70) to defendants' motion for summary judgment (#45).

  On January 16, 2015, the court held an emergency hearing to resolve chronic delay and dilatory motion practice in this case. To varying extents, the delay owed to defendants' failure to ensure that plaintiff had access to their summary judgment exhibits, and plaintiff's failure to act diligently and respect filing deadlines. Compounding the issue was the NDOC's repeated transfer of plaintiff from one prison to another during the briefing process.

  At the hearing, the court ordered that plaintiff be provided one last opportunity to oppose defendants' motion on the merits. The court set a deadline of January 28, 2015. (#69.) The court also allocated to defendants two weeks in which to reply. The court contemplated that defendants would utilize this time to prepare and submit substantive arguments on the merits. In the alternative, the court asked counsel to file notice if and when defendants decided not to reply.

  Despite the court's extraordinary leniency, the Clerk's Office did not receive and file plaintiff's opposition until sometime on January 30, one day and several hours beyond the deadline. As such, the court appreciates defendants' frustration and the basis for the instant

motion. However, in light of the circumstances in this case, the court will not strike or disregard the opposition simply because it was late.

In addition, defendants likely err in concluding that plaintiff dishonored the January 28 deadline. As counsel is aware, the NDOC has not yet provided inmates at WSCC with the ability to e-file; therefore, plaintiff files his papers by providing them to prison staff. They, rather than he, must take necessary steps to deliver legal papers to the court. Plaintiff's opposition is dated January 25, 2015. The date suggests that plaintiff delivered his opposition to the proper prison authorities well in advance of the deadline. Within the Ninth Circuit, nothing more is required for his filing to be timely. *See Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2011) (adopting the "prison mailbox rule" in inmate § 1983 actions, and thereby requiring only that the inmate deliver his papers to prison authorities by the filing deadline to timely comply with the same).

Finally, as counsel opted to use the twelve intervening days to prepare a three-page procedural motion, rather than a substantive reply to plaintiff's opposition, it cannot be said that the short delay prejudiced defendants in any way.

The motion is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:        /s/      
     Deputy Clerk